**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                  Plaintiff,<br><br>vs.<br><br>David Michael Steltenpohl,<br><br>                  Defendant. | No. CR-18-00780-01-PHX-SPL<br><br>**ORDER** |

The Court has received Defendant David Michael Steltenpohl's Motion for Compassionate Release (Doc. 76), Defendant's Notice of No Amended Motion (Doc. 81), and the Government's Response (Doc. 82).

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to reduce a sentence based on "extraordinary and compelling reasons." This Court has adopted a four-factor test when determining whether to grant motions for release on COVID-19 grounds. *United States v. Steinbart*, No. CR-20-004-850-1-PHX-SPL, 2020 WL 7123027, at *3 (D. Ariz. Dec. 4, 2020) (citing *United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020)). The Court considers the four following factors:

    (1) the original grounds for the defendant's … detention;

    (2) the specificity of the defendant's stated COVID-19 concerns;

    (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and

> (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* Here, Defendant previously contracted COVID-19. (Doc. 76 at 1). Where an inmate has been previously infected with COVID-19, this Court finds the first two factors of the *Terrone* test particularly relevant. *See, e.g.*, *United States v. Martinez*, No. CR-18-023-901-PHX-SPL, 2021 WL 718208, at *1 (D. Ariz. Feb. 24, 2021 (departing from the four-factor test where "Defendant previously tested positive for COVID-19" and is therefore "unlikely to spread of contract COVID-19 again," but also noting that the defendant is "a danger to the community"). It is also of note that Defendant has received his first dose of the COVID-19 vaccine and will receive his second dose shortly. (Doc. 82 at 2).

Defendant is serving a 100-month sentence for conspiracy with intent to distribute 50 grams of more of methamphetamine. (Doc. 25). Furthermore, Defendant has a significant criminal history including felony convictions for attempted sexual assault, possession of controlled substances, operating while intoxicated, forgery, failure to register as a sec offender, possession with intent to distribute a controlled substance, and unlawful use of a means of transportation. (Doc. 82 at 12). Considering these charges together, and the Defendant's history generally, the Court finds the Defendant is a danger to the community.

Defendant's stated COVID-19 concerns are his high blood pressure, previous mild stroke, and alleged complications from heart surgery that he underwent fourteen years ago. (Doc. 76 at 1). However, regardless of his health conditions, COVID-19 reinfections are rare—particularly where the individual has been vaccinated. *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Because the Defendant has not presented "a specific showing that the defendant himself remains susceptible to reinfection," his "previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons." *United States v. Ballenger*, No. CR16-5535 BHS,

2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) (including evidence of the rarity of COVID-19 reinfections). Because Defendant has already contracted the COVID-19 virus and is receiving the vaccine, he is unlikely to contract or spread COVID-19 again, at least any time soon. *See United States v. Jones*, No. 2:18-CR-008-APG-NJK, 2021 WL 131257, at *1 (D. Nev. Jan. 13, 2021) (finding that, in light of defendant's prior COVID-19 infection and the fact that "vaccines are being rolled out to inmates," "[t]he risk of COVID-19 infection, standing alone, does not constitute an 'extraordinary and compelling reason' for compassionate release"). Accordingly, Defendant's COVID-19 concerns do not weigh in favor of release.

Weighing the fact that Defendant is a danger to the community together with the fact that he has not shown a susceptibility to COVID-19 reinfection, the Court does not find extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 76) is **denied**.

Dated this 25th day of June, 2021.

Honorable Steven P. Logan
United States District Judge